UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| BRANDYN BLACHARSKI, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:25-CV-1099-CCB-JEM |
| RODNEY G. LAUREYS, et al., | |
| Defendants. | |

## OPINION AND ORDER

Brandyn Blacharski, a prisoner without counsel, filed an amended complaint under 42 U.S.C. § 1983. (ECF 11.) Pursuant to 28 U.S.C. § 1915A, the court must screen this pleading and dismiss it if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Blacharski is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Blacharski is presently detained at the Marshall County Jail awaiting trial on burglary and firearms charges.[1] *See State v. Blacharski*, No. 50D01-2210-F4-000019 (Marshall County filed Oct. 13, 2022). In this lawsuit he sues 31 defendants, including a federal judge, the United States of America, the State of Indiana, the State of Michigan, law enforcement officers from Michigan and Indiana, prosecutors, officials at Federal Correctional Institution ("FCI") Pekin, and others, alleging a wide array of misconduct related to a prior federal conviction.

As a preliminary matter, Blacharski's amended complaint is quite confusing and purports to incorporate by reference numerous allegations made in his original complaint and documents attached thereto. "It is axiomatic that an amended complaint supersedes an original complaint and renders the original complaint void." *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 (7th Cir. 2004). The Local Rules do not permit a complaint to be amended in a piecemeal fashion or the incorporation of prior pleadings by reference. N.D. IND. L.R. 15-1. He also asserts wrongdoing by categories of defendants (such as "police") in a collective fashion, which is not permissible in federal court. *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009). He is expected to follow applicable procedural rules even though he is proceeding without counsel. *See McCurry v. Kenco Logistics Servs., LLC*, 942 F.3d 783, 787 (7th Cir. 2019).

The court has nevertheless attempted to give his allegations liberal construction, and has considered them along with available public records. It can be discerned that he

---

[1] The court is permitted to take judicial notice of public records at the pleading stage. *See* FED. R. EVID. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647 (7th Cir. 2018).

2

is claiming federal and state actors pursued false charges against him in 2020 for multiple counts of possessing a firearm after a felony conviction and other offenses. *See United States v. Blacharski*, 3:20-CR-103-DRL-ALT (N.D. Ind. closed Mar. 11, 2022). Public records in the criminal case reflect that he was ultimately convicted of one count of possessing a firearm after a felony conviction and sentenced to serve 71 months in federal prison. *Id.* (ECF 65). He sought to vacate his conviction under 28 U.S.C. § 2255, asserting that he received ineffective assistance of counsel, his right to exculpatory evidence under *Brady v. Maryland*, 373 U.S. 83 (1963), was violated, and other grounds. *Blacharski v. United States*, 3:23-CV-521-DRL (N.D. Ind. closed Sept. 16, 2025). The court denied relief, and his appeal of the judgment in that case is currently pending before the Seventh Circuit. *See Blacharski v. United States*, No. 26-112 (7th Cir. filed Jan. 28, 2026).

He now purports to bring claims against the individuals involved with his federal criminal case under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). It appears he was hoping to find another venue to assert his *Brady* claims and other grounds for overturning his conviction that were rejected by the court in his § 2255 case. However, he cannot seek to have his conviction overturned in a civil lawsuit. *See Preiser v. Rodriguez*, 411 U.S. 475, 488 (1973) (habeas corpus is the exclusive civil remedy for a state prisoner seeking to challenge the fact or duration of his custody, and such relief cannot be pursued under 42 U.S.C. § 1983); *Glaus v. Anderson*, 408 F.3d 382, 386 (7th Cir. 2005) (holding that rationale of *Preiser* "applies just as soundly to federal prisoners filing a claim based on *Bivens*[.]").

He also cannot pursue a claim for damages in a civil suit based on a theory that his outstanding federal conviction is false or invalid. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see also Hoard v. Reddy*, 175 F.3d 531, 532–33 (7th Cir. 1999) (holding that *Heck* "forbids a convicted person to seek damages on any theory that implies that his conviction was invalid without first getting the conviction set aside"). Claims against police pertaining to certain types of wrongdoing that occurred during an arrest, such as excessive force or arrest without probable cause, are not necessarily barred by *Heck*. *Mordi v. Zeigler*, 870 F.3d 703, 707 (7th Cir. 2017); *Evans v. Poskon*, 603 F.3d 362 (7th Cir. 2010). Here, however, the court understands Blacharski to be claiming that officers concocted evidence to prosecute him on false charges, which would implicate the validity of his outstanding federal conviction. *See Savory v. Cannon*, 947 F.3d 409, 417 (7th Cir. 2020) (en banc) (claim that officer fabricated evidence is best understood as malicious prosecution claim, which cannot be brought unless criminal proceeding terminates in the defendant's favor or conviction is vacated); *Robinson v. Doe*, 272 F.3d 921, 923 (7th Cir. 2001) (claim challenging evidence obtained incident to arrest or seizure of evidence is barred by *Heck*).

The prosecutors cannot be sued for damages for their actions taken on behalf of the government in his criminal case. *See Imbler v. Pachtman*, 424 U.S. 409, 410 (1976). Likewise, the judge who presided over his criminal case is entitled to immunity and cannot be sued for his adverse rulings. *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). The United States is entitled to sovereign immunity, and the States cannot be sued for constitutional violations. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver,

4

sovereign immunity shields the Federal Government and its agencies from suit."); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989) (states are not "persons" who can be sued under 42 U.S.C. § 1983).

He also claims that officials at FCI-Pekin engaged in some type of misconduct while he was serving his federal sentence there, which would not implicate *Heck*.[2] However, FCI-Pekin is not within the geographic boundaries of this District. A claim related to events occurring at an Illinois prison against officials located in that state does not belong in this District.

Therefore, the amended complaint does not state a claim upon which relief can be granted. "Leave to amend is to be 'freely given when justice so requires.'" *Liu v. T&H Machine*, 191 F.3d 790, 794 (7th Cir. 1999) (citations omitted); *see also Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1024-25 (7th Cir. 2013). However, "that does not mean it must always be given." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). "[C]ourts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Id.* (citation omitted).

Blacharski already had a chance to amend his complaint once. (ECF 1, 7.) His amended complaint seeks relief that is barred under *Preiser* and sues defendants who are immune from suit, in addition to the other problems outlined above. The court finds

---

[2] The court notes that his allegations are quite vague, and merely asserting that prison officials engaged in some unspecified form of "harassment" is not sufficient to state a claim under federal pleading standards. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010).

no basis to conclude that if given another opportunity, he is likely to assert a viable constitutional claim against a proper defendant, consistent with what he has already alleged under penalty of perjury.

For these reasons, the court **DISMISSES** this action pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted, and **DIRECTS** the clerk to close the case.

SO ORDERED on February 23, 2026.

/s/*Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT